UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES MAGNO,

                          Plaintiff,

        v.                                     Civ. No.: 1:18-cv-0522-WKS

                                     **PROPOSED DISCOVERY**
                                     **<u>PLAN</u>**

CAPITAL ONE BANK (USA)
N.A., TD BANK USA, N.A., and CITIBANK,
N.A.,

                           Defendants.

_____

       Counsel have conferred and submit the following case information and proposed dates for case management:

1.      Whether or not unanimous consent to Magistrate Judge jurisdiction has been agreed upon: **The parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trials.**

2.      Deadline for compliance with the mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure. Any objections to the required disclosures must also be stated in the PDP: **October 8, 2018**.

3.      All motions to join other parties and to amend the pleadings shall be filed **on or before February 25, 2019**. Any third party action shall be commenced **on or before February 25, 2019**.

4.      All factual discovery in this case shall be completed on or before **June 25, 2019**. All fact depositions shall be completed by **April 25, 2019**. If a discovery dispute arises, the parties shall initially advise the court of the dispute via letter (copying opposing counsel). Upon review of the letter, the court will generally schedule a conference with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the

parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

5.      All motions to compel discovery shall be filed by no later than **May 24, 2019**.

6.      The parties shall identify any affirmative expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) and/or disclosures **no later than April 25, 2019**. The parties shall identify any rebuttal expert witnesses and provide reports **no later than May 24, 2019**. Parties shall complete all discovery relating to experts, including depositions, **by June 25, 2019**.

7.      Any Orders that should be entered under Rule 26(c) (protective/confidentiality orders): **The parties anticipate the entry of a Discovery Confidentiality Order.**

8.      Any changes in the limitations on discovery as provided in Rule 30 (oral depositions), and Rule 33 (interrogatories practice) and Rule 34 (document requests): **At this time, the parties do not anticipate requiring a limitation on any discovery device.**

9.      Any issues that the parties reasonably foresee concerning preservation and/or discovery of electronically stored information, including the form or forms in which it should be produced: **The parties have agreed to exchange electronic discovery in .pdf format form generally, and where not producible in .pdf form, to produce in another agreeable and readable format.**

10.     Any agreements between the parties concerning assertions of claims of attorney/client privilege or work-product protection after information is produced, including agreements reached under Federal Rule of Evidence 502: **None at this time.**

11.     Dispositive motions, if any, shall be filed by all parties no later than **August 26, 2019**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Sessions. The parties are directed to provide a courtesy copy of all motion papers to the court.

12.     The advisability and timing of a judicially supervised settlement conference or other alternative dispute resolution, including mediation: **Mediation/judicially supervised settlement conference would be appropriate after the exchange of written discovery and documents.**

13.     The parties shall advise whether a jury trial is required and the estimated length of the trial: **Plaintiff requests a jury trial.  The parties anticipate the trial will be 1-2 days.**

14.     A **status conference** will be held with the undersigned on _____ at _____ to discuss the status of the case and the possibility of settlement.

15.     A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of the dispositive motions.  If no dispositive motions are filed, counsel shall contact the court by **September 6, 2019** so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

   a)  Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses, and any relationship the case may have to other pending actions.

b) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

c) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

d) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

16. This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program.  The ADR plan and related forms and information are available at www.nywd.uscourts.gov and the Court Clerk's Office.

a) No later than **November 5, 2018**, the parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court. If the parties fail to so stipulate, the Court shall appoint an ADR neutral.

i. Any motions to opt out of the ADR process shall be filed by **October 15, 2018**.

ii. The initial mediation session shall be held no later than **January 25, 2019**.

iii. The referral to mediation shall terminate on **February 25, 2019**. In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

b) The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

17.    No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any application for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

18.    It is Citibank's position that Plaintiff's Citibank account is subject to a written arbitration agreement contained in the card agreement governing Plaintiff's Citibank account.  As a result, Citibank contends that Plaintiff's claims against Citibank must be arbitrated pursuant to the terms of the arbitration agreement.  Citibank intends to file its motion to compel arbitration shortly and, as a result, Citibank, N.A.'s joinder in this schedule should not and cannot be deemed as a waiver of its right to compel arbitration.  Thus, although it agrees to the schedule identified herein in principle, it is Citibank's position that once its motion is filed, the action and the schedule identified herein should be stayed as to Citibank, N.A. until its motion is ruled upon by the Court.

*s/ Alexander J. Douglas*
Alexander J. Douglas, Esq.
Douglas Firm, P.C.
36 West Main Street, Suite 500
Rochester, NY 14614
Telephone: (585) 703-9783
alex@lawroc.com

**Counsel for Plaintiff**

*s/ Philip A. Goldstein*
Philip A. Goldstein, Esq.
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Telephone: (212) 548-2167
pagoldstein@mcguirewoods.com

**Counsel for Capital One Bank (USA), N.A.**

*s/ Ellen B. Silverman*
Ellen B. Silverman, Esq.
Hinshaw & Culbertson LLP
800 Third Avenue, 13th Floor
New York, NY 10022
**Counsel for T.D. Bank, N.A.**

*s/Adam Hartley*
Adam Hartley

Ballard Spahr LLP
1675 Broadway, Floor 19
New York, NY 10019-5820

**Counsel for Citibank, N.A.**

SO ORDERED:   <u>/s/ William K. Sessions III</u>
                        William K. Sessions III, U.S.D.J.

DATED: <u>September 24,            , 2018</u>
               Burlington, Vermont